**Anthony R. CAPUTO, David A. Cook, Paul B. Pebbles, and Duncan B. Robertson, Plaintiffs,**

v.

**PFIZER, INC., Defendant.**

**No. 3:96CV2113 (WWE).**

United States District Court, D. Connecticut.

March 23, 2000.

Thomas G. Moukawsher, Moukawsher & Walsh, Groton, CT, for Plaintiffs.

Jonathan B. Orleans, S. Dave Vatti, Douglas John Varga, Zeldes, Needle & Cooper, Bridgeport, CT, for Defendant.

### RULING ON MOTIONS FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

In this action, the plaintiffs claim that Pfizer Inc. fraudulently induced them to retire and thereby deprived them of benefits under a Voluntary Separation Offer ("VSO") in violation of the Employee Retirement Income Security Act ("ERISA").

Pursuant to Rule 56, defendant Pfizer moves for summary judgment, asserting that the plaintiffs' claims are timed barred. Also pending is the plaintiffs' cross-motion for summary judgment. For the following reasons, defendant's motion [Doc. # 37 ] will be granted, and the plaintiffs' motion [Doc. # 43] will be denied as moot.

### FACTS

Plaintiffs, Anthony Caputo, Paul Pebbles, Duncan Robertson and David Cook, are former employees of defendant Pfizer at its Groton, Connecticut manufacturing facility. Between January and June, 1991, all of the plaintiffs voluntarily retired.[1]

Prior to their respective retirements, each plaintiff sought advice and information concerning whether Pfizer would offer a voluntary retirement incentive package. Plaintiffs knew that Pfizer had previously offered voluntary retirement incentive programs to groups of employees at the Groton facility and that Pfizer was downsizing its operations and workforce.

On November 11, 1991, after the retirement of the plaintiffs, Pfizer announced a voluntary separation option ("VSO") for employees at its Groton manufacturing facility. At that time the plaintiffs learned of the VSO.

Each plaintiff alleges that Pfizer failed to disclose the fact that it would offer the VSO in November, 1991, and thereby fraudulently misled each plaintiff into retiring early without the ability to take advantage of it. Specifically, plaintiffs claim that when they asked Pfizer officials if Pfizer would be offering incentive packages, such officials answered; "I do not know," and that such answers were untruthful.

Plaintiffs filed this action in October 1996, five years after Pfizer announced the VSO.

### DISCUSSION

Summary judgment pursuant to Fed. R.Civ.P. 56(c) is appropriate if the court finds, after viewing the facts in the light most favorable to the nonmoving party, that there is no genuine issue of material fact pertaining to a given issue and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The burden is on the moving party to show that no material facts are in dispute. *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987). A dispute over a material fact exists if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991). The court's role in considering summary judgment is not to resolve disputed issues, but only to determine the existence of factual issues to be tried. *Knight v. United States Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986).

---

1. Plaintiffs' dates of retirement are: David Cook—January 1, 1991; Duncan Robertson— March 1, 1991; Anthony Caputo—April 1, 1991; and Paul Pebbles—June 1, 1991.

In the context of a motion for summary judgment, disputed issues of fact are not material if the moving party would be entitled to judgment as a matter of law, even if the disputed issues were resolved in favor of the nonmoving party. Such factual disputes, however genuine, are not material, and their presence will not preclude summary judgment. *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505; *Cartier v. Lussier,* 955 F.2d 841, 845 (2d Cir.1992).

## A. Limitation of an ERISA Claim

Section 413(2) of ERISA establishes a three year limitation period within which an aggrieved party must file an action for breach of a fiduciary duty commencing on the date when such party has actual knowledge of the breach. 29 U.S.C. § 1113. The limitation period is extended to six years from the date the plaintiff discovered the breach of fiduciary duty in cases of fraud or concealment. *Diduck v. Kaszycki & Sons Contractors, Inc. et al.,* 874 F.2d 912, 919 (2d Cir.1989) (*"Diduck I"*).

Defendant argues that the plaintiffs' action is time-barred because it was filed more than three years after the plaintiffs learned of the existence of the VSO. Defendant further argues that any claim of fraud has not been alleged with particularity as required by Fed.R.Civ.P. 9(b), and that the six year fraud or concealment statute of limitations is inapplicable because the plaintiff has not presented sufficient evidence of actual fraud.

### 1. Date of Actual Knowledge

The Court first considers on which dates the plaintiffs had actual knowledge of the breach in order to establish when the statute of limitations begins to run. Actual knowledge is defined as knowledge of all the material facts necessary to understand that some type of claim exists, knowledge of the harmful consequences of a transaction, or actual harm. *Maher v. Strachan Shipping Co.,* 68 F.3d 951 (5th Cir.1995). In *Broga, et al. v. Northeast Utilities,* Civ. No. 3:96CV2114 (D.Conn. Aug. 18, 1999), the plaintiff was a former employee of defendant Northeast Utilities who retired before the defendant offered an enhanced retirement package. The court held that the plaintiff was aware of all the material facts necessary to understand that he had a claim for breach of fiduciary duty when he discovered that the defendant was offering an enhanced retirement package.

As previously noted, Pfizer announced on November 11, 1991 a voluntary separation option for employees at its Groton manufacturing facility. Each plaintiff avers that he knew that Pfizer was offering the VSO shortly after the announcement. Therefore, each plaintiff had actual knowledge of the breach either in November 1991, or certainly before the end of that year.

Because the present action was commenced on October 16, 1996, five years after the plaintiffs received actual knowledge of the alleged breach, this action is barred against all plaintiffs unless they can each demonstrate actual fraud.

### 2. Fraud and Concealment

■ Section 413 provides a six year limitation period where the complaint alleges fraud or concealment. 29 U.S.C. § 1113. *See Diduck I,* 874 F.2d at 919. A breach of fiduciary duty involves fraud or concealment if the elements of common law fraud are established. *Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 275–76 (2d Cir.1992) (*"Diduck II"*). The elements of common law fraud are (1) a material false representation or omission of an existing fact, (2) made with knowledge of its falsity, (3) with an intent to defraud, (4) reasonable reliance, and (5) damage. *Losquadro v. FGH Realty Credit Corp.,* 959 F.Supp. 152, 157 (E.D.N.Y.1997).

### A. Pleading Fraud under Fed.R.Civ.P. 9(b).

Defendant first argues that plaintiffs' complaint has not been pled with the specificity required by Rule 9(b). "To satisfy

the particularity requirement of Rule 9(b), the allegations should specify the time, place, speaker, and sometimes content of the alleged misrepresentations." *Losquadro v. FGH Realty Credit Corp.*, 959 F.Supp. 152, 157 (E.D.N.Y.1997). This rule exists to give the defendant fair notice of the factual grounds on which the plaintiff bases its claim of fraud, and to protect defendants from improvident charges of wrongdoing. *Ross v. Bolton*, 904 F.2d 819, 823 (2d Cir.1990). *See Broga, supra*, (plaintiff failed to meet its 9(b) requirement of pleading fraud with particularity, so could not take advantage of ERISA's six year statute of limitation exception).

■ Each plaintiff fails to specify the time, place, speaker, or content of the alleged misrepresentations.[2] The plaintiffs do not identify the identity of any individual who allegedly made false statements or omitted to disclose information when asked about an enhanced retirement package. The plaintiffs do not specify the language which constituted the false statements which allegedly harmed each plaintiff. Furthermore, the plaintiffs have not alleged when and under what circumstances an omission or false statement occurred or why any alleged statements were fraudulent.

The plaintiffs have not pled fraud with the specificity required by Rule 9(b). Therefore, the six year statute of limitation period is inapplicable.

*B. Evidence of Fraud*

Because the defendant seeks summary judgment, the Court deems it necessary to address the defendant's argument that the plaintiffs have not offered evidence sufficient for a finding of common law fraud.

Plaintiffs are entitled to a six year statute of limitations if they can demonstrate facts sufficient to establish common law fraud. *Losquadro*, 959 F.Supp. at 157. They must demonstrate a material false representation or omission of an existing fact. *Diduck II*, 974 F.2d at 276.

■ The Court finds that the plaintiffs have not identified a misrepresentation of any material fact. The plaintiffs have not demonstrated that anything any employee said regarding the offering of the VSO while the plaintiffs were requesting retirement information was false or misleading because there is no evidence that Pfizer even considered to offer the VSO while the plaintiffs were employed by Pfizer. The earliest evidence that Pfizer was offering the VSO was not until three months after the last plaintiff retired in September 1991. Therefore, any representations by retirement personnel about the possibility of Pfizer offering the VSO before any of the plaintiffs retired were no more than mere speculation.

### CONCLUSION

For the above reasons, the Court finds that the three year statute of limitations bars the plaintiffs' claims. Defendant's Motion for Summary Judgment [Doc. # 37 ]is GRANTED and Plaintiffs' Motion for Summary Judgment [Doc. # 43] is DENIED as Moot.

The Clerk is instructed to enter judgment in favor of the defendant and to close this case.

---

**2.** The complaint states that the defendant violated its fiduciary duty as to each plaintiff, "by making affirmative material representations that caused the plaintiff to believe that no enhancement of employee benefits would be offered to employees or was being seriously considered by the defendant; by giving incomplete and untruthful responses to the plaintiff's inquiries about employee options and benefits in that, in response to the plaintiff's inquiries, the defendant failed to disclose that it had decided to offer enhanced benefits to employees or was seriously considering making such an offer ..."